Monica L. Montgomery, SBN257286
Law Offices of Monica L. Montgomery
2667 Camino Del Rio South Suite 301-12
San Diego, California 92108
Ph.: (619) 255-1204
Fax: (619) 269-5810

Attorney for Plaintiff, Ronnie Miller

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE MILLER,<br><br>   Plaintiff,<br><br>   vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION; BAC HOME LOANS SERVICING, LP; EXPERIAN SERVICES CORPORATION; EQUIFAX INC.; TRANSUNION CORPORATION; AND DOES 1-20,<br><br>   Defendants. | Case No.: 3:11-cv-02588-MMA-BGS<br><br>Honorable Michael M. Anello<br><br>OPPOSITION TO DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT<br><br>Hearing:<br><br>Date:   January 23, 2012<br>Time:   2:30 p.m.<br>Ctrm:   5 |

## I. INTRODUCTION

After making timely monthly payments of Mr. Miller's ("Plaintiff") home loan on the property located at 2436 Adirondack Row #2, San Diego, California ("Adirondack Row"), pursuant to the deed of trust he signed on or about December 8, 2005, Mr. Miller decided to short sale his home loan when he learned that his investment was not profitable. Pursuant to the San Diego County Recorder's Office, the home was sold on November 18, 2008. The Defendant

begins its Motion to Dismiss ("MTD") with a conclusory and erroneous statement that Mr. Miller "defaulted" on his loan (MTD Introduction ¶ 1). Mr. Miller consistently paid his monthly mortgage on time until the home was sold and ownership was turned over to another buyer in November of 2008, as alleged in ¶75 of Plaintiff's FAC.

    Mr. Miller learned in April 2010 that Defendant Bank of America continuously reported this home loan on his credit report, although he sold the home in November 2008. Mr. Miller also learned that Defendant was reporting this loan as a foreclosure, (more specifically, giving Mr. Miller the credit rating "9") and not a short sale, which hindered Mr. Miller from refinancing his residential property. After attempting to resolve these issues outside of court, Mr. Miller's actions were ignored by all Defendants named in the First Amended Complaint ("FAC"). Mr. Miller proceeding with an action filed in San Diego Superior Court on April 6, 2011 against Defendants Bank of America N.A. and BAC Home Loans Servicing, LP. Defendants failed to respond to the complaint in a timely matter, and filed a demurrer on or about July 26, 2011.

    Plaintiff filed the FAC on September 28, 2011, adding Defendants Equifax Inc., TransUnion Corporation, and Experian Services Corporation. Defendant Equifax removed the action to this Court on November 7, 2011.

    Plaintiff comes before this Court in opposition to Defendant's Motion to Dismiss filed on November 14, 2011. Plaintiff asks the Court to deny Defendant's MTD in its entirety.

## II. STANDARD OF REVIEW

    Under federal rules of civil procedure 12(b)(6), a complaint can only be dismissed where a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal should not be granted unless "it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); see *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

*1990*) (stating that a complaint should be dismissed only when it lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory). Here, the Plaintiff presents a sufficient legal theory for the complaint to be upheld because all causes of action brought in the complaint are sufficiently pled.

The Court must construe the complaint liberally by viewing it in the light most favorable to the plaintiff. (*Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996)*; [\*\*7] *Balistreri, 901 F.2d at 699*.) The Court accepts as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations. (See *Westlands Water Dist. v. Firebaugh Canal, 10 F.3d 667, 670 (9th Cir. 1993); NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986)*).

## III. PLAINTIFF'S CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA CIVIL CODE SECTION 1785.25(a) IS LEGITIMATE AND SUFFICIENTLY PLED

Defendant Bank of America argues that no private right of action exists under California Civil Code Section 1785.25(a) and sites outdated court opinions to support its flawed position. The Ninth Circuit has ruled that consumers do possess a private right of action under Ca. Civ. Code Section 1785.25(a) against "furnishers" of credit. (See *Gorman v. Wolpoff & Abramson, LLP; MBNA AMERICA BANK, N.A. 584 F.3d 1147, 1173; 2009 U.S. App. LEXIS 23704 (2009)*). Section 1681t(b)(1)(F), the Federal Credit Reporting Act's ("FCRA") preemption provision, clearly reads:

> "No requirement or prohibition may be imposed under the laws of any state…with respect to any subject matter regulated under…*section 1681s-2* of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply – (i) with respect to section 54(A)(a) of chapter 93 of the Massachusetts Annotated Laws (as in effect on September 30, 1996); or (ii) with respect to *section 1785.25(a) of the California Civil Code* (as in effect on September 30, 1996)."

1 | Cal. Civ. Code section 1785.25(a) is expressly exempt from the FCRA's general exclusion of
2 | state law claims. "Congress did not enact the FCRA with the goal of vitiating all state laws, but
3 | only those that are inconsistent with the federal law." (*Lin v. Universal Card Services Corp.*
4 | *(N.D.Cal. 2002) 238 F.Supp.2d 1147, 1151.*) Congress expresses a need for uniformity in this
5 | area of law, and the Ninth Circuit has concluded that Congress did find that the two statutes (one
6 | from Massachusetts and the other from California) mentioned in Section 1681t(b)(1)(F) of the
7 | FRCA did not compromise that uniformity. The Ninth Circuit found that "the difference between
8 | the Cal statute and the FCRA regarding remedies does not offend the purported goal of
9 | uniformity of credit reporting obligations." (*Gorman 584 F.3d at 1172.*) The enforcement
10 | sections do not impose any obligation for the furnishers of information that is inconsistent with
11 | the FCRA, in fact, they provide more avenues through which consumers can ensure that
12 | furnishers are complying with the obligations Congress specifically meant to impose. (*Id. at*
13 | *1172*)

The Court also stated in *Gorman* that the most sensible way to interpret the law, considering Congress' intention, is to apply not only the specific subsection mentioned in the statute, but also the statutes that operate with respect to that subsection. This includes the private enforcement sections, which are Cal. Civ. Code Section 1785.25(g) and 1785.31. Moreover, exempting specific state statues is very unusual in federal statutes. To suppose Congress would do so for little or no purpose – as would be the case of the private right of action under California law were preempted – is simply not plausible. (*Gorman 584 F.3d at 1172, also see Geier v. Am. Honda Motor Co., 529 U.S. 861, 868. `120 S. Ct. 1913, 146 L. Ed. 2d 914 (2000))* ("The saving clause assumes that there are some significant number of cases to save.").

Essentially, Defendant Bank of America cannot dodge the responsibility given by Congress under the Federal or State laws pertaining to accurate furnishing of credit information

to the credit bureaus. Therefore, Plaintiff's cause of action is sufficient under the law and can be brought in this action against Defendant Bank of America.

## IV. PLAINTIFF'S FOURTH THROUGH SEVENTH CAUSES OF ACTION ARE NOT PREEMPTED BY THE FCRA

Preemption analysis generally begins with a presumption against preemption, that is, with the assumption that the historic police powers of the states were not to be superseded by the federal act unless that was the clear and manifest purpose of Congress. This assumption provides assurance that the federal-state balance will not be disturbed unintentionally by Congress or unnecessarily by the courts. When the text of a federal law containing a preemption clause is open to more than one plausible interpretation, courts ordinarily accept the reading that disfavors preemption. *(Sanai v. Saltz 170 Cal App 4th 746, 772 (2009))*

Here, the Defendant wishes to evade responsibility to comply with the law by claiming all tort law claims are preempted by FCRA and using 15 U.S.C. Section 1681t(b)(1)(F)(ii) to support its claim of preemption. However, the FCRA also states in Section 1681h(e) tort claims may be brought if *"false information [is] furnished with malice or willful intent to injure such a consumer."* In Plaintiff's FAC, Plaintiff alleges in ¶ 76-77 that Defendant did, in fact, act intentionally and maliciously to benefit from the appearance of late payments on Plaintiff's credit report. Plaintiff does allege that Defendant Bank of America has a common practice of making erroneous and inaccurate credit reporting to the credit bureaus, in turn allowing Defendant to charge higher interest rates as the consumer's credit score decreases because of the inaccurate information reported. Surely Congress, when including the preemptive language, did not intend to provide legal loopholes for Defendant Bank of America use when legitimate actions are brought against them.

Section 1681h(e) allows certain state tort claims to be brought against a furnisher of information to the credit reporting agencies, including a negligence cause of action. These causes

of actions should not be preempted based on the purpose behind the black letter law enacted by Congress. The tort claims brought in this action are consistent with the Defendants duties arising under the FCRA and Cal. Civ. Code section 1785.25(a).

Since tort liability is ultimately imposed to achieve a desirable social climate, "public policy plays a major role in determining the standard of conduct required by a particular factual situation. *(Wagner v. Benson 101 Cal. App. 3d 27*, 34 *(1980)) citing Prosser, Torts (4th ed. 1971) § 3, pp. 15-16.)* This factual situation warrants relief to Plaintiff regarding all tort causes of action, as a matter of public policy. In an atmosphere where many consumers are ignoring payment of obligations, Plaintiff has made sacrifices to ensure his financial obligations are fulfilled. As such, and as a matter of equity, Plaintiff implores the Court to view the totality of the circumstances in this matter and rule in his favor, as the courts are in disarray over the issue of preemption of tort claims in FCRA matters.

## V. DEFENDANT BANK OF AMERICA OWES A DUTY OF CARE TO PLAINTIFF AND WAS NEGLIGENT IN ITS ACTIONS AGAINST THE PLAINTIFF

Defendant claims it owes no duty to Plaintiff because it is merely a lender and Plaintiff is a borrower. Defendant uses, at the crux of its argument, *Wagner v. Benson*, to support its position. (MTD pg. 4) However, Defendant's reliance on this case is misplaced. This opinion has been overturned in various courts, and the facts are highly distinguishable from the facts of the present case.

In *Wagner,* a husband and wife filed suit against a bank for damages for misrepresentation, negligence, and bad faith allegedly arising from defendant's handling of a loan transaction. The trial court properly dismissed plaintiffs' claim of negligence by defendant in loaning money to them, as inexperienced investors, for a risky cattle feeding venture over

which defendant exercised influence and control. Wagners refused to pay and did not fulfill their part of the contract and based on their actions, the complaint was dismissed.

In the present case, Plaintiff filed suit against the Defendant for violation of Cal. Civ. Code Section 1785.25(a), and other causes of action. Here, Plaintiff paid his obligation to the Defendant every month on time and Defendant did not fulfill their part of the obligation to report to credit bureaus accurately, as required by state and federal law. That law, in effect, creates a duty to obey, as Cal. Civ. Code Section 1785.25(a) imposes legal duties on furnishers of information. (*Gorman 584 F.3d at 1171.*) Defendant Bank of America is a "furnisher" under federal and state law, and therefore must abide by the rule of law set forth under this section. A requirement is a rule of law that must be obeyed, whether it arises from common law principles enforceable in damages actions or in a statute. (*Bates v. Dow Agrosciences LLC, 544 U.S. 431, 445, 125 S. Ct. 1788, 161 L. Ed. 2d 687 (2005)).* Therefore, Defendant does owe a duty of care and Defendant's motion with regard to negligence should be denied.

## VI. PLAINTIFF'S COMPLAINT WAS FILED WITHIN THE TWO-YEAR STATUTE OF LIMITATIONS

Plaintiff has timely filed the complaint on all causes of action, including Negligent and Intentional Infliction of Emotional Distress. The statute of limitations for negligent and intentional infliction of emotional distress is two years from the time of the conduct or the *discovery* of said conduct. (*Ion Equipment Corp. v. Nelson 110 Cal. App. 3d 868, 880 (1980))* Here, Plaintiff discovered the inaccuracies on his credit report in February of 2010 (FAC ¶18 ) and filed the original complaint on April 6, 2011. Therefore, Plaintiff has met this requirement.

## VII. PLAINTIFF'S CAUSE OF ACTION FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 IS SUFFICIENTLY PLED

Section 17200 establishes a disjunctive three part definition prohibiting any "unlawful, unfair or fraudulent business practice." Each of these three adjectives captures a 'separate and

distinct theory of liability." )*Rubio, 613 F.3d at 1203, citing Kearns v. Ford Motor Co., 567 F.3d 1120, 1127 (9th Cir. 2009)).* As amended by Proposition 64, Section 17200 is applicable to protect consumers who have suffered an injury in fact as well as business competitors. (*California for Disability Rights v. Mervyns' LLC, 39 Cal. 4th 223, 228 (2006).*)

**A. Plaintiff does have standing to bring a UCL claim.**

To bring a UCL claim, Plaintiff, who sues as a private person and not a class representative, must show he has suffered injury in fact and has lost money or property as a result of such unfair competition. (*Pfizer Inc. v. Superior Court 182 Cal. App. 4th 622, 630 (2010)).* Plaintiff has, throughout his first amended complaint, pled specific facts as to how he has lost money based solely on the adverse actions of the Defendants. Based on these facts, Plaintiff has standing to bring a UCL claim.

**B. Plaintiff alleges sufficient facts to bring a UCL claim based on the unlawful and unfair conduct of Defendant Bank of America.**

Under its "unlawful" prong, Section 17200 borrows violations of other laws and makes them independently actionable. (*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co. 20 Cal. 4th 163, 180 (1999)).* Although not a criminal statute, violation of other civil statutes can satisfy Section 17200. (*State Farm Fire & Casualty Co. v. Superior Court, 45 Cal. App. 4th 1093, 1103 (1996))* (unlawful prong includes "anything that can properly be called a business practice and that at the same time is forbidden by law.")

Here, Plaintiff claims that Defendant has violated Cal. Civ. Code 1785.25(a) by furnishing inaccurate information on said transaction, which is the subject of this action. Plaintiff has also pled violations of 15 U.S.C. section 1681s-2(b) by Defendant because Plaintiff did inform credit bureaus at least two times in the year 2010. Based on Defendant's own correspondence with Mr. Miller, he was informed that Defendant had been in contact with the credit bureaus regarding this transaction. Furthermore, this is a matter of fact and not law, and

where the law is concerned, Plaintiff has sufficiently pled facts to the bringing of this cause of action.

The "unfair" prong is measured by the alternative public policy test adopted by (*Rubio, 613 F.3d at 1205, citing Gregory v. Albertson's, Inc. 104 Cal. App. 4th 845, 854 (2002)*). This test looks to whether the practice violates public policy as declared by "specific constitutional, statutory or regulatory provisions." (*Rubio, 612 F.3d at 1205.*) Section 17200 claims are permitted if the conduct is "deceptive" or "unfair." To show that a business practice is deceptive, a Plaintiff must show that the public is likely to be deceived by the conduct. (*Walker v. Countrywide Home Loans (2002) 98 Cal. App. 4th 1158, 1169*). An unfair business practice is one where it violates public policy and causes more injury that benefit to consumers. (*Id. at 1170.*) In the case at issue, even if there was no unlawful violation, Plaintiff alleges that he was led to believe that Defendant Bank of America appropriately reported his credit history with the credit bureaus. The Defendant has the responsibility of reported millions of transactions to credit bureaus annually, and the public was certainly likely to be deceived by such misconduct on the part of the Defendant, as there are many alleged inaccuracies reported by consumers.

## REQUEST FOR LEAVE TO AMEND

"Great liberality should be exercised in permitting a plaintiff to amend …" (*Lemoge Electric v. County of San Mateo (1956) 46 Cal.2d 659, 664 [297 P.2d 638]; accord, Okun v. Superior Court (1981) 29 Cal.3d 442, 460 [175 Cal. Rptr. 157, 629 P.2d 1369].*) "If there is any reasonable possibility that the plaintiff can state a good cause of action, it is error to sustain a demurrer without leave to amend." (*Youngman v. Nevada Irrigation Dist. (1969) 70 Cal.2d 240, 245 [74 Cal. Rptr. 398, 449 P.2d 462]; see Schifando v. City of Los Angeles (2003) 31 Cal.4th 1074, 1081 [6 Cal. Rptr. 3d 457, 79 P.3d 569]* [leave to amend should be granted when the plaintiff has demonstrated a "reasonable possibility" that he or she can amend any of her claims to state viable causes of action].)

Based on the above, Plaintiff requests that the Court allow him to amend the First Amended Complaint if any part of Defendant's motion is sustained.

## CONCLUSION

Based on the above, the motion to dismiss filed by Defendant Bank of America should be denied in its entirety.

Dated: January 6, 2012                                Law Offices of Monica Montgomery


                                                            /s/ Monica Montgomery
                                                            Attorney for Plaintiff,
                                                            Ronnie Miller