1  Stuart W. Price, California Bar No. 125918
   swprice@bryancave.com
2  Jonathan M. Hurst, California Bar No. 272142
   jon.hurst@bryancave.com
3  **BRYAN CAVE LLP**
   3161 Michelson Drive, Suite 1500
4  Irvine, California 92612-4414
   Telephone:  (949) 223-7000
5  Facsimile:   (949) 223-7100

6  Attorneys for Defendant
   BANK OF AMERICA, N.A. (as named and
7  as successor by merger to BAC HOME LOANS
   SERVICING, LP)
8

9                    UNITED STATES DISTRICT COURT

10                  SOUTHERN DISTRICT OF CALIFORNIA

11

| 12 | RONNIE MILLER, | 3:11-cv-02588-MMA-BGS |
|---|---|---|
| 13 | Plaintiff, | Hon. Michael M. Anello |
| 14 | v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO BANK OF AMERICA, N.A.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** |
| 15 | BANK OF AMERICA, NATIONAL ASSOCIATION; BAC HOME LOANS SERVICING, LP; EXPERIAN SERVICES CORPORATION; EQUIFAX INC.; TRANSUNION CORPORATION; AND DOES 1-20, | |
| 16 | | |
| 17 | | |
| 18 | Defendants. | Hearing: |
| 19 | | Date:  January 23, 2012<br>Time:  2:30 p.m.<br>Ctrm:  05 |
| 20 | | |
| 21 | | Action Filed:  April 6, 2011<br>FAC Filed:  September 28, 2011<br>Removed:  November 7, 2011 |
| 22 | | |

IR01DOCS527645.3

REPLY TO OPPOSITION TO
MOTION TO DISMISS

## I. INTRODUCTION

Plaintiff's Opposition to the Motion to Dismiss his First Amended Complaint confirms his inability to plead facts sufficient to state a cause of action against defendant Bank of America, N.A.

Plaintiff reiterates the inadequate theories asserted in his First Amended Complaint without adequately addressing the deficiencies raised by Bank of America. Bank of America respectfully requests that the Court grant its Motion to Dismiss the First Amended Complaint for failure to state a claim, without further leave to amend.

## II. ARGUMENT

### A. Plaintiff's Cause of Action For Violation Of California Civil Code Section 1785.25(a) Fails

As noted in the moving papers, no private right of action exists against furnishers of credit information under the Consumer Credit Reporting Agencies Act, California Civil Code section 1785, *et seq.* See Motion, Doc. No. 12-1, pp. 2-3.

In his Opposition, Plaintiff argues Section 1785.25(a) is not preempted by federal law. *See* Opposition, Doc. No. 17, pp. 3-5. This argument misses the point.

Section 1785.25(a) does create a right of action, and it is not preempted by FCRA. This right of action, however, only extends liability to credit reporting agencies or users of information. It does ***not*** extend to claims against *furnishers* of credit information. This is an issue of statutory construction, not of preemption:

> The California act provides: "Any applicant who suffers damages as a result of a violation of this title by *any person*, may bring an action in a court of appropriate jurisdiction against such person ...." This provision gives the consumer an action for damages against a credit reporting agency or a user of information for violation of its provisions; it does not extend liability to one who furnishes information to a credit reporting agency. Such conclusion is supported by the provisions of the act, which defines "person" as "any individual, partnership, corporation, trust, estate, cooperative, association,

IR01DOCS527645.3

1

REPLY TO OPPPOSITION TO
MOTION TO DISMISS

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414

> government or governmental subdivision or agency, or other entity." This definition is silent as to the function of any of the enumerated entities in the credit reporting procedure; it does not include, either expressly or by implication, one who furnishes information to a credit reporting agency. Further, the purpose of the act is to regulate consumer credit reporting agencies, not those who furnish information to such agencies. In light of that purpose, the Legislature's apparent intent in specifying that a right of action exists against "any person" for violation of the act was not to impose liability on a supplier of information to a credit reporting agency, but merely to make it clear that an action could be brought against a credit reporting agency regardless of the form under which it transacts business.

*Pulver v. Avco Financial Servs.*, 182 Cal. App. 3d 622, 633-34 (1986) (internal citations omitted).

Section 1785.25(a) does not create a right of action against a furnisher of credit information. The cases cited by Plaintiff in his Opposition address the preemption issue only. *See* Opposition, Doc. No. 17, pp. 3-5. These cases are inapposite to the issue at hand.

Plaintiff's first claim against Bank of America as a matter of law.

**B.    Plaintiff's Fourth Through Seventh Causes Of Action Are Preempted**

As discussed in the moving papers, the FCRA preempts all state law claims arising from the reporting of credit information to credit reporting agencies. *See* Motion, Doc. No. 12-1, pp. 3-4.

In his Opposition, Plaintiff does not contest this. Rather, he contends his claims come within the exception of 15 U.S.C. § 1681h(e), which provides that "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer." That argument lacks merit.

Plaintiff's allegations do not establish malice on the part of Bank of America

in furnishing information. *See generally* First Amended Complaint ("FAC"), Doc. No. 1, pp. 6-20. Plaintiff's "belie[f] that these Defendants [*sic*] are acting intentionally and maliciously" is a conclusion, not a factual allegation. FAC, Doc. No. 1, p. 13, line 18. Plaintiff alleges no facts showing Bank of America acted with "willful intent to injure" him.

Further, Section 1681h(e) refers only to claims for "defamation, invasion of privacy, or negligence." The exception has no applicability to Plaintiff's claims for emotional distress and unfair business practices.

Plaintiff's fourth through seventh causes of actions are preempted by the FCRA. They fail as a matter of law.

### C. Plaintiff's Cause Of Action For Negligence Fails

As noted in the moving papers, Plaintiff does not allege facts showing the existence of a duty of care on the part of Bank of America. *See* Motion, Doc. No. 12-1, pp. 4-5.

In his Opposition, Plaintiff attempts to factually distinguish one case establishing a lender does not generally owe a borrower a duty of care. *See* Opposition, Doc. No. 17, pp. 6-7. Plaintiff ignores the remaining California law on point. *See, e.g., Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991) ("[A] financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."); *Leisher v. Wachovia Mortg., Inc.*, 2011 WL 98575, at* 7 (S.D. Cal. Jan. 12, 2011) (same); *Shepherd v. Am. Home Mortg. Servs., Inc.*, 2009 WL 4505925, at *2 (E.D. Cal. Nov. 20, 2009) ("[L]oan servicers do not owe a duty to the borrowers of the loans they service."); *Marks v. Ocwen Loan Servicing*, 2009 WL 975792, at * 5 (N.D. Cal. Apr. 10, 2009) (dismissing negligence claim against lender because "plaintiff had not alleged that defendants' role went beyond the scope of a conventional lender of money").

Plaintiff further attempts to establish a negligence duty based on "state and

federal law" requiring accurate furnishing of credit information. Opposition, Doc. No. 17, p. 7. Plaintiff's argument is vague and without legal support.

Bank of America owed no duty to Plaintiff. Plaintiff's claim for negligence fails as a matter of law.

### D. Plaintiff's Causes Of Action For Intentional And Negligent Infliction Of Emotional Distress Fail

The moving papers identify multiple deficiencies in Plaintiff's emotional distress claims, including the running of the statute of limitations, the lack of allegations regarding outrageous conduct, the lack of allegations of physical injury, and the lack of facts establishing the existence of a duty of care. *See* Motion, Doc. No. 12-1, pp. 6-8.

In his Opposition, Plaintiff argues only that the statute of limitations has not run. *See* Opposition, Doc. No. 17, p. 7. Plaintiff does not contest, and thus concedes, the remaining deficiencies in his claims.

Plaintiff's reliance on the delayed discovery rule is misplaced. *See id.* "[U]nder [California's] delayed discovery rule, a cause of action accrues and the statute of limitations begins to run when the plaintiff has reason to suspect an injury and some wrongful cause. . . ." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 803 (2005). Here, a reasonable investigation would have revealed the alleged inaccuracy in his credit report as early as 2008. The date he claims to have actually learned of the inaccuracy is not determinative. The statute of limitations has run.

Plaintiff's emotional distress claims fail and should be dismissed.

### E. Plaintiff's Cause Of Action For Violation Of California Business And Professions Code Section 17200 Fails

As discussed in the moving papers, Plaintiff's UCL claim fails as a matter of law. *See* Motion, Doc. No. 12-1, pp. 6-8.

Plaintiff's Opposition fails to address the deficiencies raised in the moving papers. Plaintiff asserts he has "pled specific facts as to how he has lost money."

Opposition, Doc. No. 17, p. 8, lines 9-10.  Plaintiff, however, gives no indication of how the money he claims to have lost is of a type that allows restitution.  *See* Motion, Doc. No. 12-1, pp. 9.

Plaintiff contends he has adequately pled "unlawful" conduct.  Not so.  Plaintiff pleads no legal violation to support his claim.  A claim under the UCL stands or falls depending on the fate of antecedent substantive causes of action.  *Krantz v. BT Visual Images*, 89 Cal. App. 4th 164, 178 (2001).  Plaintiff's other causes of action against Bank of America fail and cannot serve as the predicate for a UCL claim.

Plaintiff also contends he has adequately pled "unfair" conduct.  Again, not so.  A UCL claim based on "unfairness," must be "tethered" to a specific constitutional, statutory, or regulatory provision to find an objective basis for determining whether the alleged conduct is unfair.  *See Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917, 940 (2003) (citing *Cel-Tech*, 20 Cal. 4th at 163).  When "determining whether the challenged conduct is unfair within the meaning of the unfair competition law . . . courts may not apply purely subjective notions of fairness."  *Id.* at 941.  Here, Plaintiff alleges no objective basis for a claim of "unfairness."

Plaintiff's UCL claim fails as a matter of law and should be dismissed.

F.   **Leave To Amend Should Be Denied**

Dismissal with prejudice is proper where amendment would be futile because no valid claim could result.  *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

Plaintiff's opposition only confirms his inability to plead a valid cause of action.  His claims fail as matters of law and cannot be cured by further amendment.  Bank of America respectfully requests the Motion to Dismiss be granted without leave to amend.

///

### III. CONCLUSION

Bank of America respectfully requests the Court dismiss the First Amended Complaint in its entirety, without leave to amend.

Dated: January 13, 2012

**BRYAN CAVE LLP**
Stuart W. Price
Jonathan M. Hurst

By: */s/ Jonathan M. Hurst*
Jonathan M. Hurst
Attorneys for Defendant
BANK OF AMERICA, N.A. (as named and as successor by merger to BAC HOME LOANS SERVICING, LP)

IR01DOCS527645.3

6

**PROOF OF SERVICE**
CCP 1013A(3) REVISED 5/1/88

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 3161 Michelson Drive, Suite 1500, Irvine, CA 92612-4414. My email address is: macaulayt@bryancave.com.

On January 13, 2012, I served the foregoing document(s) described as:

**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO BANK OF AMERICA, N.A.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

| | |
|---|---|
| Monica L. Montgomery, Esq.<br>Law Offices of Monica L. Montgomery<br>2667 Camino del Rio South<br>Suite 301-12<br>San Diego, CA  92108 | *Attorneys for Plaintiff Ronnie Miller*<br>Phone: (619) 255-1204<br>Fax:     (619) 269-5810<br>Email:  mlmontgomerylaw@gmail.com |
| Thomas P. Quinn, Esq.<br>Nokes & Quinn, APC<br>410 Broadway, Ste. 200<br>Laguna Beach, CA  92651 | *Attorneys for Equifax, Inc.*<br>Phone: (949) 376-3500<br>Fax:     (949) 376-3070<br>Email:  tquinn@nokesquinn.com,<br>hkhiner@nokesquinn.com,<br>rchavez@nokesquinn.com |
| Rana Nader, Esq.<br>Jones Day<br>3161 Michelson Drive, Ste. 800<br>Irvine, CA  92612 | *Attorneys for Experian Services Corporation*<br>Phone: (949) 553-7547<br>Fax:     (949) 553-7539<br>Email:  rnader@jonesday.com |
| Donald E. Bradley, Esq.<br>Musick Peeler and Garrett<br>650 Town Center Drive, Ste. 1200<br>Costa Mesa, CA  92626-1925 | *Attorneys for Transunion Corporation*<br>Phone: (714) 668-2400<br>Fax:     (714) 668-2490<br>Email:  d.bradley@mpglaw.com |

[☒] BY CM/ECF NOTICE OF ELECTRONIC FILING: I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

[☒] FEDERAL - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 13, 2012, at Irvine, California.

*/s/ Theresa Macaulay*
Theresa Macaulay

490580.1

PROOF OF SERVICE