1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   RONNIE MILLER,                               CASE NO. 3:11-cv-02588-MMA
                                                  (BGS)
12                              Plaintiff,

13           vs.                                  **ORDER GRANTING
                                                  DEFENDANT'S MOTION TO**
14                                                **DISMISS**
     BANK OF AMERICA, NATIONAL
15   ASSOCIATION; BAC HOME LOANS                  [Doc. No. 12]
     SERVICING, L.P.; EXPERIAN SERVICES
16   CORPORATION; EQUIFAX INC.;
     TRANSUNION CORPORATION; and
17   DOES 1 through 20, inclusive,

18                              Defendants.

19       On November 14, 2011, Defendant Bank of America, N.A., as successor by merger to BAC

20   Home Loans Servicing, L.P., ("BAC" or "Defendant") filed a motion to dismiss Plaintiff Ronnie

21   Miller's first amended complaint ("FAC") for failure to state a claim upon which relief can be

22   granted.  [Doc. No. 12-1.][1]  Plaintiff filed an opposition to Defendant's motion to dismiss [Doc. No.

23   17], and Defendant filed a reply [Doc. No. 19].  On January 13, 2012, the Court deemed the matter

24   suitable for decision on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

25    [Doc. No. 20.]  For the reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss.

26   / / /

27   _____

28       [1] Defendants Experian Services Corporation, TransUnion Corporation, and Equifax Inc.
     answered in November 2011.  [*See* Doc. Nos. 9-10, 15.]

1                                   **BACKGROUND**

2          This action arises from events related to Plaintiff's short sale of real property located at 2436

3    Adirondack Row #2, San Diego, California 92139 (the "Property"), which resulted in Defendant

4    BAC reporting inaccurate information on Plaintiff's credit report.  [FAC, Doc. No. 1, Exh. A. ¶11.][2]

5    Plaintiff originally purchased the Property in December 1991 for $73,950 through lender United

6    Savings Association of Texas.  [*Id.*][3]  On or about December 8, 2005, Plaintiff refinanced the

7    Property through First Magnus Financial Corporation, obtaining a loan in the amount of $240,000.

8    [*Id.* ¶12.]  Ultimately, Plaintiff decided to sell the Property and sold it for $118,437 via a short sale

9    on November 18, 2008.  [*Id*. ¶16.]  Plaintiff alleges at the time of the short sale he was informed that

10   this type of transaction would reflect less negatively on his credit report than a foreclosure.  [*Id*.

11   ¶17.]  According to Plaintiff, he was also told that although the short sale would leave a negative

12   mark on his credit report, he would be able to refinance his primary residence two years after the

13   short sale.  [*Id.*]

14          In or around February 2010, Plaintiff checked his credit report in anticipation of refinancing

15   his primary residence later that year and learned for the first time that Defendant incorrectly reported

16   the short sale of the Property as a foreclosure.  [*Id*. ¶18.]  Plaintiff contacted Defendant regarding the

17   inaccuracy and received two letters in response, dated April 19, 2010 [Doc. No. 1, Exh. 1] and April

18   26, 2010 [*Id.* Exh. 2], each stating his request for credit correction was approved and formal requests

19   were sent to the credit reporting agencies, Equifax Credit Information Services, Experian Services

20   Corporation, TransUnion Corporation, and Innovis Data Solutions.  [FAC ¶19.]  Thereafter, Plaintiff

21   called Defendant on June 7, July 2, July 14, July 16, July 17, July 19, and August 2, 2010, to check

22   the status of the correction.  [*Id.* ¶¶22, 25-26, 29.]  During each call, Plaintiff was assured the request

23   for a credit correction had been sent to the credit reporting agencies.  [*Id*.]

24   / / /

25

26          [2] Because this matter is before the Court on a motion to dismiss, the Court must accept as true
27   the allegations of the complaint in question.  *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740
     (1976).  All facts cited are taken from Plaintiff's FAC unless otherwise noted.

28          [3] While it is unclear whether Plaintiff purchased the Property as an investment, it appears not
     to be his primary residence.

                                              - 2 -                                        11cv2588

1    On October 26, 2010, Plaintiff and his loan officer ran a credit report to determine Plaintiff's

2   eligibility to refinance the loan on his primary residence. [*Id.* ¶32.]  The report showed two 30-day

3   late payments and a foreclosure on the Property. [*Id.* ¶33.]  Plaintiff alleges these negative marks on

4   his credit report made him ineligible to refinance his primary residence loan. [*Id.* ¶36.]

5   Accordingly, Plaintiff notified Equifax, TransUnion, and Experian on November 9, 2010 about

6   Defendant BAC's negative and inaccurate reporting. [*Id*. ¶40.]  All three agencies replied that the

7   credit report on the Property did not show any late payments. [*Id.* ¶¶41-43.]  Plaintiff therefore

8   alleges the credit reporting agencies are "fraudulently giving out misinformation to the lenders so as

9   to allow the lenders to deny credit and/or to allow the lenders to offer higher interest rates for

10   consumers." [*Id.* ¶45.]  Plaintiff also asserts Defendant BAC continues to willfully and inaccurately

11   report Plaintiff's credit history with respect to the Property.  [*Id.* ¶44.]

12    Plaintiff filed this action in the Superior Court of California, San Diego Judicial District,

13   Central Division on September 23, 2011.  [Doc. No. 1 ¶1.]  Plaintiff's FAC alleges seven causes of

14   action for: (1) Violation of the Consumer Credit Reporting Agencies Act, Cal. Civ. Code

15   §1785.25(a); (2) Violation of the Consumer Credit Reporting Agencies Act, Cal. Civ. Code

16   §1785.14(b); (3) Violation of Consumer Credit Reporting Agencies Act, Cal. Civ. Code §1785.16;

17   (4) Negligence; (5) Intentional infliction of emotional distress; (6) Negligent infliction of emotional

18   distress; and (7) Violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§17200

19   *et seq*.  On November 7, 2011, Defendant Equifax Inc. removed the complaint to this Court based on

20   federal question jurisdiction because Plaintiff's Unfair Competition Law claim is premised on

21   violations of federal law. [*Id*.]  On November 14, 2011, Defendant BAC filed a motion to dismiss

22   Plaintiff's entire FAC under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim

23   upon which relief can be granted.

24                                           **LEGAL STANDARD**

25    A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint.  *Navarro v. Block*,

26   250 F.3d 729, 732 (9th Cir. 2001).  "While a complaint attacked by a Rule 12(b)(6) motion to

27   dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of

28   his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

1    elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief

2    above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal

3    marks and citations omitted).

4          In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all

5    factual allegations and must construe them in the light most favorable to the nonmoving party.

6    *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-8 (9th Cir. 1996).  Legal conclusions need not be

7    taken as true merely because they are cast in the form of factual allegations.  *Roberts v. Corrothers*,

8    812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

9    Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a

10   motion to dismiss."  *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

11         When a claim is dismissed for failure to state a claim, leave to amend should be granted

12   "unless the court determines the allegation of other facts consistent with the challenged pleadings

13   could not possibly cure the deficiency."  *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th

14   Cir. 1992) (quoting *Schrieber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.

15   1986)).  In other words, a court may grant a motion to dismiss and dismiss the claim with prejudice

16   where amendment would be futile.  *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990).

17                                        **DISCUSSION**

18   **I.      CALIFORNIA'S UNFAIR COMPETITION LAW**

19         Plaintiff's seventh cause of action asserts Defendant BAC violated California's Unfair

20   Competition Law ("UCL") by using unfair, unlawful, and fraudulent business practices with respect

21   to the credit reporting of the Property.  [FAC ¶¶84-85.]  While Plaintiff's complaint contains minimal

22   detail, his allegations are based on two primary theories.  First, Plaintiff asserts Defendant violated

23   the UCL's unlawful prong by providing Plaintiff and his representatives with false, deceptive and

24   misleading information in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.

25   1692 *et seq*.  [*Id.* ¶87.]  Next, Plaintiff alleges Defendant failed to comply with provisions in the Fair

26   Credit Reporting Act ("FCRA"), 15 U.S.C. 1681 *et seq.,* by failing to investigate and correctly report

27   credit information, which violates the unlawful, fraudulent, and unfair prongs of the UCL.  [*Id.* ¶¶84-

28

1  85.]  In response, Defendant moves to dismiss Plaintiff's entire UCL claim on the ground that it is

2  preempted by section 1681t(b)(1)(F)(ii) of the FCRA.  [Doc. 12-1, p. 4.][4]  The Court agrees, in part.

3  **(A)    Unlawful Business Practices Predicated on FDCPA Violations**

4  The FDCPA aims to eliminate abusive debt collection practices by prohibiting debt

5  collectors from using false, deceptive, or misleading practices in connection with the collection of

6  debts.  15 U.S.C. §§1692(e), 1692e; *Winter v. I.C. Sys.*, 543 F. Supp. 2d 1210, 1212 (S.D. Cal.

7  2008).  The statute defines a debt as "any obligation or alleged obligation of a consumer to pay

8  money . . . ."  15 U.S.C. § 1692a(5).  To bring a FDCPA action against a debt collector, the debt

9  collector's misconduct must have occurred during an attempt to collect a present debt.  *Winter*, 543

10  F. Supp. 2d at 1214 (quoting *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1167 (3d Cir.

11  1987)).  Accordingly, conduct by a *former* debt collector—even if otherwise prohibited—is not

12  actionable under the statute because the activities must occur "in connection" with a present debt

13  collection proceeding.  *Id.* at 1213 (quoting *Posso v. Asta Funding Inc.*, 2007 U.S. Dist. LEXIS

14  83741 *3 (N.D. Ill. Nov. 9, 2007)).  For example, if the debtor has settled the debt (or paid the debt

15  in full) and the debt collector has acknowledged satisfaction of the debt, then an action under the

16  FDCPA cannot be sustained.  *Narog v. Certegy Check Serv.*, 759 F. Supp. 2d 1189, 1193 (N.D. Cal.

17  2011).

18  *Narog* is instructive.  In *Narog*, the plaintiff alleged the defendant inaccurately reported a

19  debt to credit reporting agencies in violation of the FDCPA.  *Id.*  The court granted the defendant's

20  motion to dismiss without leave to amend because the conduct alleged occurred after the debt

21  collection process terminated.  *Id.*  In effect, the plaintiff's FDCPA claim failed because it was not

22  based on an existing debt and there were no ongoing debt collection proceedings.  *Id.*  Also, the

23  plaintiff's credit history report reflected a $0 balance on the account, which the court concluded was

24  dispositive evidence that a debt no longer existed, and that the debt collector had acknowledged

25  there was no debt owed.  *Id.*

26  As in *Narog*, Defendant BAC's misconduct is not actionable under the FDCPA because it

27  occurred after Plaintiff's debt with Defendant was settled.  Plaintiff alleges Defendant made false

28

---

[4] Defendant erroneously cites 15 U.S.C. §1681t(b)(1)(F)(ii) as 15 U.S.C. §181t(b)(1)(F)(ii).

- 5 -                                                                                   11cv2588

1  statements regarding the status of his request to correct the inaccuracies in his credit report

2  beginning in April 2010.  [FAC  ¶¶ 20, 22, 25-26, 28-31.]  However, when Plaintiff sold the

3  Property via short sale in November 2008, Plaintiff satisfied its debt to BAC.  [*Id.* ¶¶ 12-13.]  Thus,

4  BAC's allegedly wrongful conduct occurred more than a year after the debt was settled.  The credit

5  reports from October and December 2010 attached to Plaintiff's complaint confirm that the BAC

6  account is closed and has a current balance of $0.  [*Id.* Exhs. 3-4.]  Therefore, Plaintiff cannot state a

7  claim under the FDCPA because BAC's allegedly false statements cannot be deemed to be "in

8  connection" with a present debt collection proceeding.  Because Plaintiff cannot seek recovery under

9  the FDCPA for misconduct that occurred after the pertinent debt was settled, the Court concludes

10 leave to amend would be futile and Plaintiff's claim is subject to dismissal with prejudice.  In

11 addition, the alleged FDCPA violation cannot serve as a predicate act for a UCL claim.

12            **(B)      Unlawful Business Practices Predicated on FCRA Violations**

13            The FCRA requires credit reporting agencies to adopt reasonable procedures related to the

14 collection, communication, and use of consumer credit information to ensure fair and accurate credit

15 reporting.  15 U.S.C. §1681e; *Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1181 (E.D. Cal. 2005).  To

16 attain this goal, the FCRA places duties on the persons who furnish credit reporting agencies with

17 information such as BAC.  15 U.S.C. §1681s-2; *Gorman v. Wolpoff & Abramson LLP*,  584 F.3d

18 1147, 1153 (9th Cir. 2008).

19            Section 1681s-2 sets forth two categories of duties for furnishers of credit information.

20 *Wang v. Asset Acceptance LLC*, 2010 U.S. Dist. LEXIS 91946 *6-7 (N.D. Cal. July 27, 2010).  First,

21 subsection (a) restricts furnishers from reporting information if they "know or have reasonable cause

22 to believe" the information is inaccurate.  15 U.S.C. §1681s-2(a)(1).  This subsection also requires

23 furnishers to correct and update information if they later determine the reported information is

24 inaccurate.  *Id*. at §s-2(a)(2).  Private plaintiffs cannot bring an action against furnishers of credit

25 information under this subsection.  *Gorman*, 584 F.3d at 1154 (stating the duties imposed on

26 furnishers under section 1681s-2(a) are enforceable only by federal or state agencies).

27            Second, under subsection (b), when a furnisher is notified by a credit reporting agency that a

28 consumer disputes the reported information, the furnisher is required to review, investigate, and

1  compile a report regarding the disputed information.  15 U.S.C. §1681s-2(b); *Wang*, 2010 U.S. Dist.

2  LEXIS 91946 *7.  Consumers may bring a private right of action under subsection (b), but only if

3  they first notify the national credit reporting agencies of the disputed information and the furnisher

4  fails to conduct a reasonable investigation.  *Nelson v. Equifax Info. Serv*., 522 F. Supp. 2d 1222,

5  1231 (C.D. Cal. 2007).

6        In this case, Plaintiff predicates a UCL claim on allegations that Defendant violated

7  subsections (a) and (b), because BAC reported inaccurate information to the credit reporting

8  agencies and failed to conduct a reasonable investigation after being notified that Plaintiff disputed

9  the report.  [FAC ¶¶84-86.]  Plaintiff cannot bring a private cause of action under subsection (a), but

10 may be able to bring a successful private action under subsection (b).  Plaintiff notified the credit

11 reporting agencies in April, June, and November 2010 that he disputed the information reported by

12 Defendant BAC, but Defendant failed to investigate and remedy the inaccurate report.  [*Id.* ¶¶21, 23-

13 24, 40.]  However, Plaintiff has not pled an independent cause of action under the FCRA.  Instead,

14 Plaintiff alleges Defendant's conduct in violation of the FCRA constitutes a UCL claim.

15 Accordingly, the Court must examine whether the FCRA preempts Plaintiff's theory under the UCL.

16       In an effort to maintain a uniform set of duties across all furnishers of credit information,

17 Congress included an express preemption clause in the FCRA.  *Gorman,* 584 F.3d at 1153; 15

18 U.S.C. §1681t(b)(1)(F).  Under section 1681t(b)(1)(F) of the FCRA, states cannot impose any

19 requirements or prohibitions on furnishers' duties to report accurately and correct identified

20 discrepancies as set forth in section 1681s-2.[5]  The majority of district courts in this Circuit have

21 interpreted section 1681t(b)(1)(F) as a total preemption provision.  *Davis v. Md. Bank*, 2002 U.S.

22 Dist. LEXIS 26468 *39 (N.D. Cal. June 19, 2002) (finding a majority of district courts have held

23 that the FCRA preempts both state statutory and common law causes of action).  The district courts

24 read the FCRA's preemption clause to preclude all state common law and statutory claims, to effect

25 Congress' intent to limit a plaintiff's recovery against furnishers of credit information to only the

26 remedies provided under the FCRA.  *See Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1144

27

28       [5] Section 1681t(b)(1)(F) of the FCRA provides an exception for claims brought under section
1785.25(a) of the California Consumer Credit Reporting Act. 15 U.S.C. §1681t(b)(1)(F)(I).  However,
as explained below in section II, Plaintiff cannot adequately state a claim under this statute.

1    (N.D. Cal. 2005); *Guillen v. Bank of Am. Corp*., 2011 U.S. Dist. LEXIS 98860 *20-21 (N.D. Cal.

2    Aug. 31, 2011).  As a result, the FCRA preempts claims brought under California's UCL insofar as

3    they relate to the responsibilities of furnishers of credit information governed by section 1681s-2 of

4    the FCRA.  *Mora v. Harley-Davidson Credit Corp*., 2009 U.S. Dist. LEXIS 61851 *14 (E.D. Cal.

5    July 7, 2009); *Janti v. Encore Cap. Grp.,* 2010 U.S. Dist. LEXIS 78199 *22-23, 26 (S.D. Cal. Aug.

6    3, 2010).

7         Here, Plaintiff's allegations against Defendant BAC relate exclusively to the responsibilities

8    of furnishers of credit information as set forth under sections 1681-2(a) and (b).  Plaintiff asserts

9    BAC's failure to conduct a reasonable investigation after he notified BAC of the discrepancy, in

10   violation of section 1681s-2(b), constitutes an unlawful business practice prohibited by the UCL.

11   [FAC ¶¶ 84, 86.]  However, because the FCRA expressly preempts all state common law and

12   statutory claims regulating the duties of furnishers of credit information, Plaintiff's theory under the

13   UCL is completely preempted.  Accordingly, Plaintiff's UCL claim is dismissed with prejudice

14   because amendment would be futile.

15   **II.    CALIFORNIA CONSUMER CREDIT REPORTING ACT**

16        In his first cause of action, Plaintiff alleges Defendant BAC violated section 1785.25(a) of

17   the California Consumer Credit Reporting Act ("CCRA") by knowingly furnishing inaccurate

18   information to the national consumer credit reporting agencies.  [FAC ¶¶50, 52.][6]  Defendant argues

19   Plaintiff's CCRA claim should be dismissed because a private plaintiff cannot bring an action

20   against a furnisher of credit information under the Act.  [Doc. 12-1 pp. 2-3.]  Particularly, Defendant

21   asserts section 1785.31, which allows private plaintiffs to bring an action under the CCRA, does not

22   apply to actions against furnishers of credit information.  [*Id*.]  The Court agrees.

23        Generally, section 1782.31 of the CCRA allows private plaintiffs to bring an action for

24   damages suffered as a result of violations of the Act.  Cal. Civ. Code §1785.31.  However, section

25   1785.31 only extends to private plaintiffs bringing CCRA claims against credit reporting agencies

26   and users of information.  *Pulver v. Avco Fin. Serv.*, 182 Cal. App. 3d 622, 633 (Cal. Ct. App. 1986).

27   Private plaintiffs cannot bring CCRA claims against a furnisher of credit information.  *Davis*, 2002

28
_____

     [6] Plaintiff's second and third causes of action for violations of the CCRA are brought against
Defendants Experian, TransUnion, and Equifax. [FAC ¶¶54, 62.]

1  U.S. Dist. LEXIS 26468 *43 (citing *Pulver*, 182 Cal. App. 3d at 633).  Here, Plaintiff alleges

2  Defendant BAC is a furnisher of information; Plaintiff makes no allegations that Defendant is a user

3  of information or a credit reporting agency.  [FAC ¶50.]  Thus, section 1785.31 does not authorize

4  Plaintiff to bring a CCRA claim against Defendant.  Accordingly, to the extent Plaintiff attempts to

5  bring a CCRA claim against Defendant BAC in its capacity as a furnisher of credit information, he

6  cannot do so and the claim is dismissed without prejudice.

7  **III.**   **COMMON LAW TORT CLAIMS**

8      **(A)   Negligence**

9          In his fourth cause of action for negligence, Plaintiff asserts Defendant BAC breached its

10  duty of care by not finalizing an investigation into Plaintiff's request for credit correction and

11  reporting inaccurate information to the national credit reporting agencies.  [FAC ¶¶44, 70.]  Like the

12  UCL claim, Defendant argues the FCRA preempts Plaintiff's negligence claim and that it should be

13  dismissed because it relates exclusively to the duties set forth under section 1681s-2.  [Doc. 12-1, p.

14  3.]  In response, Plaintiff asserts the FCRA does not preempt his claim because he adequately pled

15  "willful intent to injure" as required under section 1681h(e) of the FCRA.  [Doc. 17, pp. 5-6.]

16          Section 1681h(e) exempts certain state tort claims from preemption, if the plaintiff pleads the

17  defendant acted with malice or willful intent to injure.  *See* 15 U.S.C. §1681h(e) (exempting

18  negligence, defamation, and invasion of privacy common law claims).  District courts have grappled

19  with defining a workable relationship between sections 1681h(e) and 1681t(b)(1)(F).  *See El-*

20  *Aheidab,* 2012 U.S. Dist. LEXIS 19038 *20-21.  As explained above in section I(B), the FCRA

21  places certain responsibilities on furnishers of credit information to ensure fair and accurate credit

22  reporting.  *Gorman*, 584 F.3d at 1153.  Under section 1681t(b)(1)(F), states cannot impose any

23  requirements or prohibitions on the duties of furnishers of credit information as set forth under

24  section 1681s-2.  Even the Ninth Circuit has recognized the tension between these two provisions.

25  *Gorman*, 584 F.3d at 1165-67.  The tension arises because a majority of district courts interpret

26  section 1681t(b)(1)(F) as expressly preempting all state common law and statutory claims against

27  furnishers of information, while section 1681h(e) suggests certain state claims might not be

28  preempted if the plaintiff pleads malice or willful intent to injure.  *Id.* at 1165.

1      In *El-Aheidab*, the District Court for the Northern District of California considered how to

2  reconcile sections 1681h(e) and 1681t(b)(1)(F).  The Court finds the rationale in *El-Aheidab*

3  persuasive.  The district court concluded section 1681t(b)(1)(F) completely preempts all state law

4  causes of action, despite the exceptions noted in section 1681h(e), for three primary reasons.

5  *El-Aheidab*, 2012 U.S. Dist. LEXIS 19038 *26-30.   First, the district court explained that reading

6  section 1681t(b)(1)(F) as a broad preemption clause does not render section 1681h(e) superfluous or

7  inapplicable.  *Id.* at 28.  Even though section 1681h(e) preempts a narrow set of state common law

8  tort claims, it does not prevent section 1681t(b)(1)(F) from preempting a broader range of claims.

9  *Id.* at 29 (citing *Purcell v. Bank of America*, 659 F.3d 622, 625 (7th Cir. 2011)).  Because section

10  1681t(b)(1)(F) only preempts state common law and statutory claims against furnishers of credit

11  information with respect to their  duties set forth in section 1681s-2, it is not inconsistent with

12  section 1681h(e), which applies against other parties and in other circumstances.  *See id.* (holding

13  "§1681t(b) leaves other provisions of the Act untouched, and such provisions are still subject to

14  §1681h(e)'s more limited preemption clause.").  Accordingly, the district court in *El-Aheidab* held

15  that a plaintiff cannot sustain a state common law or statutory claim related to the duties set forth in

16  section 1681s-2, even if a plaintiff alleges a defendant reported false information with malice or

17  willful intent to injure.  *See id*. at 28-30.

18      Second, the district court concluded section 1681t(b)(1)(F) applies to common law

19  negligence claims because under the plain language of the statute—"laws of any state"—literally

20  encompasses state statutory and common law claims.  *Id.* at 26 (citing *Erie R.R. v. Tompkins*, 304

21  U.S. 64, 78 (1938) (holding "laws of any state" includes not only the laws declared by the

22  legislature, but those determined by the judiciary)).  Lastly, the district court reasoned that Congress

23  would not create a comprehensive preemption scheme that was only applicable to state statutory

24  claims, because a plaintiff could dress up a statutory violation as a common law claim even if they

25  involve the same underlying conduct.  *El-Aheidab*, 2012 U.S. Dist. LEXIS 19038 *27.

26      Applying the rationale in *El-Aheidab*, Plaintiff's negligence claim is preempted by section

27  1681t(b)(1)(F).  BAC negligently reported inaccurate information to the credit reporting agencies

28  and failed to investigate and remedy Plaintiff's request for a credit correction.  [FAC ¶¶44, 70.]

1  Plaintiff's allegations put his negligence claim within the purview of section 1681s-2, because they

2  clearly involve duties and responsibilities required of furnishers of credit information.  15 U.S.C.

3  §1681s-2(a) (furnishers must accurately report credit information); *Id.* at §s-2(b) (furnishers must

4  undergo an investigation after receiving notice of inaccurate reporting).  Because the wrongful

5  conduct is regulated under section 1681s-2, section 1681t(b)(1)(F) applies to preempt Plaintiff's

6  negligence claim despite his allegations that Defendant acted with the willful intent to injure.

7  Accordingly, because Plaintiff's negligence claim is preempted, amendment would be futile and this

8  cause of action is dismissed with prejudice.

9          **(B)      Intentional and Negligent Infliction of Emotional Distress**

10          Plaintiff alleges claims for intentional and negligent infliction of emotional distress based on

11  BAC's conduct during the course of Plaintiff's contractual relationship with Defendant.  [FAC ¶76.]

12  As discussed above in section III(A), Plaintiff's state-based emotional distress claims are preempted

13  by the FCRA and subject to dismissal with prejudice, to the extent they are based on BAC's

14  inaccurate reporting and failure to investigate.  [FAC ¶73.]  Moreover, to the extent these claims are

15  based on conduct that would otherwise be actionable, Defendant correctly argues Plaintiff's

16  emotional distress claims are barred by the statute of limitations.  [Doc. No. 12-1, p. 5.]

17          In California, intentional and negligent infliction of emotional distress claims have a two-

18  year statute of limitations.  Cal. Civ. Proc. §335.1; *Walker v. Boeing Corp.*, 218 F. Supp. 2d 1177,

19  1183 (C.D. Cal. 2002) (finding California's personal injury one-year (now two) statute of limitations

20  bars plaintiff's negligent and intentional infliction of emotional distress claims because the plaintiff

21  did not file the suit until three years after the conduct complained of had taken place).  Here,

22  Plaintiff alleges Defendant falsely accused Plaintiff of making late payments during his contractual

23  relationship with Defendant.  [FAC ¶76.]  Plaintiff's relationship with BAC ended in November

24  2008 when Plaintiff sold the Property.  [*Id.* ¶18.]  Because Plaintiff did not file this action until

25  September 2011, almost three years after his contractual relationship ended with Defendant,

26  Plaintiff's emotional distress claims are barred by the two-year statute of limitations.[7]  Accordingly,

27  _____

28          [7] In his Opposition to Defendant's Motion to Dismiss, Plaintiff provides no indication that he
could not have discovered Defendant's conduct earlier, except with respect to the inaccurate credit
reporting, which is preempted by the FCRA.

1 | the Court grants Defendant's motion to dismiss and dismisses these claims with prejudice.

2 | <u>C</u>ONCLUSION

3 |     For the reasons set forth above, the Court **GRANTS** Defendant's motion to dismiss [Doc.

4 | No. 12-1], and **ORDERS** as follows:

5 |     (i)    Plaintiff's first cause of action is **DISMISSED WITHOUT PREJUDICE** and with

6 |     leave to amend.

7 |     (ii)    Plaintiff's fourth, fifth, sixth, and seventh causes of action are **DISMISSED WITH**

8 |     **PREJUDICE** and without leave to amend.

9 |     (iii)    If Plaintiff wishes to proceed with this action, he must file a second amended

10 |     complaint that remedies the deficiencies noted above, no later than **April 2, 2012**.

11 |     **IT IS SO ORDERED.**

12 | DATED:  March 14, 2012

13 |

14 |     Hon. Michael M. Anello
United States District Judge

- 12 -