UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE MILLER,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION *et al.*,<br><br>　　　　　　　　　　Defendants. | CASE NO. 11-CV-2588-MMA(BGS)<br><br>**ORDER GRANTING DEFENDANT BANK OF AMERICA NATIONAL ASSOCIATION'S MOTION TO DISMISS**<br><br>[Doc. No. 25] |

Pending before the Court is Defendant Bank of America National Association's ( as successor by merger to BAC home Loan Servicing, L.P.; "BAC" or "Defendant") motion to dismiss Plaintiff's second amended complaint ("SAC"). The Court deems the matter suitable for decision on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss.

### I. B<small>ACKGROUND</small>[1]

This action arises from events related to Plaintiff's short sale of real property located at 2436 Adirondack Row #2, San Diego, California 92139 (the "Property"), which resulted in Defendant BAC reporting inaccurate information on Plaintiff's credit report. [SAC, Doc. No. 22,

---

[1] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations of the complaint in question. *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976). All facts are taken from Plaintiff's SAC unless otherwise noted.

¶ 11.] Plaintiff originally purchased the Property in December 1991 for $73,950 through lender United Savings Association of Texas. [*Id.*]² On or about December 8, 2005, Plaintiff refinanced the Property through First Magnus Financial Corporation, obtaining a loan in the amount of $240,000. [*Id.* ¶ 13.] Ultimately, Plaintiff sold the Property for $118,437 via a short sale on November 18, 2008. [*Id.* ¶¶ 14, 18.] Plaintiff alleges at the time of the short sale he was informed that the transaction would reflect negatively on his credit report, but Plaintiff believed that in two years he would be able to refinance his personal residence if there were no further late payments, collections, charge-offs, or other negative entries on his credit report. [*Id.* ¶ 19.]

In or around February 2010, Plaintiff checked his credit report in anticipation of refinancing his primary residence later that year and learned that Defendant had incorrectly reported the short sale of the Property as a "possible collection, charge-off or foreclosure account." [*Id.* ¶ 20.] Plaintiff contacted Defendant regarding the inaccuracy and received two letters in response, dated April 19, 2010 [Doc. No. 22, Exh. 1] and April 26, 2010 [*Id.* Exh. 2], each stating his request for credit correction was approved and that formal requests had been sent to the following credit reporting agencies: Equifax Credit Information Services, Experian Services Corporation, TransUnion Corporation, and Innovis Data Solutions. [*Id.* ¶ 22.] Thereafter, Plaintiff called Defendant on June 7, July 2, July 14, July 16, July 17, July 19, August 2, and August 6, 2010 to check the status of the correction. [*Id.* ¶¶ 25, 28, 31.] On the August 2, 2010 call, a representative from Defendant claimed that the issue had been resolved, and the request for credit correction had been sent to the credit reporting agencies. [*Id.* ¶ 31.] On the August 6, 2010 call, a representative from Defendant claimed that the issue had not been resolved, and the discrepancy on Plaintiff's credit report had not been removed.

On October 26, 2010 Plaintiff and his loan officer ran a credit report to determine Plaintiff's eligibility to refinance the loan on his primary residence. [*Id.* ¶ 34.] The credit report showed two entries of "9" regarding the Property, indicating that the account was "considered a charge-off or involved in collection activity." [*Id.* ¶ 35.] The number "9"entries were entered on the credit report in December 2008 and May 2010. [*Id.*] Plaintiff believes that the negative entry

---

² Plaintiff occupied the Adirondack Row property as his primary residence until 1994, when Plaintiff moved out of the property and maintained it as an investment property until 2008. [SAC, Doc. No. 22, ¶ 12.]

1 placed on the credit report in May 2010 had an adverse effect on Plaintiff when applying for credit
2 because it occurred during the two year period since the short sale transaction. [*Id.* ¶ 37.]
3 Plaintiff's credit report indicates that besides two "9" entries, all other payments were made on
4 time and in full each month. [*Id.* ¶ 38.] Plaintiff alleges that as a result of the negative entries he
5 was denied the opportunity to refinance his personal residence at a 4.25% interest rate in
6 December 2010, and instead he refinanced the residence at a 5.25% interest rate in early 2011.
7 [*Id.* ¶ 39.]

8 On November 9, 2010 Plaintiff notified Equifax, TransUnion, and Experian about
9 Defendant's inaccurate reporting. [*Id.* ¶ 45.] All three agencies replied that the credit report on
10 the Property did not show any late payments. [*Id.* ¶¶ 46-48.] Plaintiff therefore alleges the credit
11 reporting agencies are "fraudulently giving out misinformation to the lenders so as to allow the
12 lenders to deny credit and/or to allow the lenders to offer higher interest rates for consumers." [*Id.*
13 ¶ 50.] Plaintiff asserts that his credit report still shows the alleged inaccuracy regarding the
14 Property. [*Id.* ¶ 51.]

15 Plaintiff filed this action in the Superior Court of California on September 23, 2011. [Doc.
16 No. 1.] Defendant Equifax removed this action to federal court on November 7, 2011. [*Id.*]
17 Plaintiff's FAC alleged seven causes of action for violation of (1) the Consumer Credit Reporting
18 Agencies Act, Cal. Civ. Code § 1785.25(a); (2) the Consumer Credit Reporting Agencies Act, Cal.
19 Civ. Code § 1785.14(b); (3) the Consumer Credit Reporting Agencies Act, Cal. Civ. Code
20 § 1785.16; (4) Negligence; (5) Intentional infliction of emotional distress; (6) Negligent infliction
21 of emotional distress; and (7) California's Unfair Competition Law, Cal. Bus. & Prof. Code
22 §§ 17200 *et. seq.* On November 14, 2011, Defendant BAC filed a motion to dismiss the FAC
23 under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be
24 granted.[3] On March 14, 2012, the Court granted Defendant's motion to dismiss, ordering that the
25 first cause of action be dismissed without prejudice and with leave to amend; ordering that the
26 fourth, fifth, sixth, and seventh causes of action be dismissed with prejudice and without leave to
27 amend; and instructing the Plaintiff to file a second amended complaint remedying the deficiencies
28

---

[3] Defendants Experian Services Corporation, Trans Union Corporation, and Equifax Inc. answered in November 2011. [*See* Doc. Nos. 9-10, 15.]

- 3 - 11CV2588

noted in regards to the alleged violations of the Consumer Credit Reporting Agencies Act no later than April 2, 2012.

Plaintiff filed the SAC on April 2, 2012. [Doc. No. 22.] The SAC alleges five causes of action for violation of (1) the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2; (2) the Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25(a); (3) the Fair Credit Reporting Act, 15 U.S.C. § 1681e(b); (4) the Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.14(b); and (5) the Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.16.[4]  On April 19, 2012, Defendant filed a motion to dismiss the SAC under Federal Rule of Civil Procedure 12(b)(6). [Doc. No. 25-1.] On May 14, 2012, Plaintiffs filed an opposition to Defendant's motion to dismiss. [Doc. No. 27.] On May 24, 2012, Defendant filed a reply to Plaintiff's opposition. [Doc. No. 28.]

## II. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above a speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted).

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

---

[5]  Plaintiff's fourth and fifth causes of action for violations of the CCRA are only brought against Defendants Experian, Equifax, and TransUnion. [SAC ¶¶ 80, 88.]

When a claim is dismissed for failure to state a claim, leave to amend should be granted "unless the court determines the allegation of other facts consistent with the challenged pleadings could not possibly cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schrieber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, a court may grant a motion to dismiss and dismiss the claim with prejudice where amendment would be futile. *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990).

### III.  DISCUSSION

#### A.  NEW CLAIM UNDER THE FAIR CREDIT REPORTING ACT

"A party may amend its pleadings once as a matter of course" within 21 days of service or filing of a responsive pleading. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, the Court granted Plaintiff leave to amend the first claim in the FAC, not to add additional claims. Because the SAC includes a previously unalleged claim under the Fair Credit Reporting Act ("FRCA"), it fails to comply with Rule 15. In any event, Plaintiff's first cause of action for violation of the FCRA fails to state a claim upon which relief can be granted.

Plaintiff alleges Defendant violated 15 U.S.C. § 1681s-2 by continuing to report accounts associated with the Property as a "foreclosure, collections or charge-off account," even after Plaintiff had notified Defendant of the alleged inaccuracy.[5] [SAC ¶¶ 56-58.] The Court agrees with Defendant that Plaintiff cannot bring a claim under Section 1681s-2(a), as "[d]uties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009).

Plaintiff's first cause of action also fails under 15 U.S.C. § 1681s-2(b). Although section 1681s-2(b) is privately enforceable, *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002), it "is triggered only after the consumer notifies the CRA [credit reporting agency], and the CRA then notifies the furnisher of credit." *Nelson v. Equifax Info. Servs.*, LLC, 522 F. Supp. 2d 1222, 1231 (C.D. Cal. 2007) (citing *Nelson*, 282 F.3d at 1059); *see also Sweitzer*

---

[5] Plaintiff's third cause of action for violation of 15 U.S.C. section 1681s is only brought against Defendants Experian, Equifax, and TransUnion. [SAC ¶ 74.]

1  *v. Am. Express Centurion Bank*, 554 F. Supp. 2d 788, 795 (S.D. Ohio 2008) ("[A] § 1681s-2(b)(1)
2  violation is triggered only upon a consumer reporting agency providing notice to the furnisher of
3  information"); *Forester v. Pa. Higher Educ. Assistance Agency*, WL 3710517 (C.D. Cal. 2009).

4        The SAC repeatedly alleges that Defendant was notified of inaccurate information, but it
5  does not allege that a credit reporting agency provided Defendant with notice of a dispute. [SAC
6  ¶ 63.] Instead, Plaintiff appears to believe that because he notified Defendant of the mistake, and
7  he separately notified the credit reporting agencies of the mistake, that the credit reporting
8  agencies must have notified Defendant of the complaint. [*Id.* ¶ 62.] Although this inference
9  initially may appear logical, factual allegations in a complaint must "raise a right to relief above
10 the speculative level," such that an allegation is plausible, rather than merely possible. *Twombly*,
11 550 U.S. at 555. Here, the inference that a credit reporting agency notified Plaintiff of the
12 inaccurate information is not plausible. This is especially true given Plaintiff's assertion that after
13 notifying the credit reporting agencies of the mistake, the agencies claimed that the account
14 associated with the Property showed "no late payments or inaccurate credit entries." [*Id.* ¶¶ 46-
15 48.] If the credit agencies did not believe there was an inaccurate entry on Plaintiff's credit report,
16 then there would not have been anything for them to report to Defendant. Therefore, Plaintiff's
17 claims fail for failure to plead that a credit reporting agency notified Defendant of a complaint.

18 **B.    CALIFORNIA CONSUMER CREDIT REPORTING ACT**

19       In his second cause of action, Plaintiff alleges that Defendant violated section 1785.25(a)
20 of the California Consumer Credit Reporting Act ("CCRA") by knowingly furnishing inaccurate
21 information to consumer credit reporting agencies. [SAC ¶¶ 70, 72.] In ruling on Defendant
22 BAC's motion to dismiss the FAC, the Court agreed with Defendant's argument that California
23 Civil Code section 1785.31, which allows private plaintiffs to bring an action under the CCRA,
24 does not apply to actions against furnishers of credit information. [Doc. No. 21.] Plaintiff again
25 fails to allege that Defendant is a *user* of information or a credit reporting agency. [SAC ¶¶ 70,
26 72.] Therefore, to the extent Plaintiff attempts to bring a CCRA claim against Defendant in its
27 capacity as a *furnisher* of credit information, he continues to fail to state a claim upon which relief
28 can be granted. *Davis v. Md. Bank*, 2002 U.S. Dist. LEXIS 26468, *43 (N.D. Cal. June 19, 2002)
   (citing *Oulver v. Avco Fin. Serv.*, 227 Cal. Rptr. 491, 496 (Cal. Ct. App. 1986)).

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's motion to dismiss [Doc. No. 27], and **ORDERS** as follows:

    (i)    Plaintiff's first cause of action is **DISMISSED** with leave to amend;[6]

    (ii)    Plaintiff may file a Third Amended Complaint no later than 7 calendar days from the date of this Order. In the event Plaintiff does not file a Third Amended Complaint in the allotted time, Bank of America National Association and BAC Home Loans Servicing LP shall be terminated from this case; and

    (iii)    Plaintiff's second cause of action is **DISMISSED** without leave to amend.

**IT IS SO ORDERED**.

DATED: September 10, 2012

*[signature]*

Hon. Michael M. Anello
United States District Judge

---

[6] Given the liberality with which the Court generally grants leave to amend under a properly-noticed Rule 15 motion, and in the interest of judicial economy, the Court grants Plaintiff leave to amend here even though leave was not properly requested. However, Plaintiff shall amend the first cause of action only, and may not add any additional claims against BAC or any other defendant without first seeking their consent or seeking leave of Court. *See* Fed. R. Civ. P. 15(a)(2).